Rushing et al. v. Peoples.

## RUSHING ET AL v. PEOPLES.

PARTNERSHIP:   *In profits:   Rights of partners.*

Rushing, a merchant, owned a stock of goods of the value of $3,000. He formed a partnership with Peoples, a physician, who put into the business $125 worth of drugs, $250 in cash, and his practice as a physician. The partnership extended only to the profits, which were to be equally divided. In a month the goods were seized by attaching creditors of Rushing, Peoples being allowed to withdraw his drugs. Soon afterwards, by arrangement between the creditors and Rushing, the goods were sold and delivered to Ragsdale and Baggess. Peoples was no party to this arrangement, but knew of it, and was present when the invoice was taken, and made no claim to the goods. He afterwards filed his bill for an account against Rushing and Ragsdale and Baggess, and a judgment for what might be due him. *Held,* that his interest was only in the profits. He had none in the goods. They were subject to Rushing's debts; and Peoples was entitled to no relief against Ragsdale and Baggess, but was entitled to an account from Rushing.

APPEAL from *Pope* Circuit Court, in Chancery.
Hon. W. D. JACOWAY, Circuit Judge.
*W. C. Ford* for appellants.
*H. S. Carter, contra.*

SMITH, J.   In December, 1880, Rushing was a merchant at Galla Creek, in Pope County, with a stock of goods

worth between $3,000 and $3,500. He formed a partnership with Peoples, who put into the concern drugs of the value of $122.80, cash $250, and his practice as a physician. The partnership extended only to a participation in the profits, which were to be equally divided between them.

The partnership only endured about one month. Rushing was heavily indebted, and his creditors sued out attachments, and caused them to be levied on the goods in stock, Peoples, however, being permitted to withdraw the remnant of his drugs. By an arrangement between Rushing and the attaching creditors, the goods were sold and delivered to Ragsdale and Baggess.

Peoples was no party to the arrangement, but was cognizant of what was going on, and was present when an invoice of the stock was taken, and made no claim of any interest in the goods.

His bill prayed for an account between him and Rushing, and a judgment for what might be found due him. After a demurrer to the bill had been overruled, the defendant answered, and it was referred to a Master to take and state an account. Upon the coming in of his report, the court rendered judgment against all of the defendants for $262.50, the amount of the plaintiff's interest in the firm of which he had been a member.

The judgment against Ragsdale and Baggess can not be sustained upon any legal principle known to us.

The court below proceeded upon the idea that they had received and appropriated to their use the goods which constituted the capital stock of the firm in which Peoples was interested, without his consent, and without recognition of, or provision for, his rights in the premises. But it must be remembered that Peoples had only a community of interest in the profits of the business, without any community in the property out of which those profits were to

arise. The goods still belonged to Rushing, after his association with Peoples, and were liable to seisure at the suit of his creditors, or to be disposed of in satisfaction of his debts. And the profits, in which alone Peoples was interested, depended on the continuance of the business.

The partnership itself, and, of course, Peoples' interest in it, were liable to be suddenly terminated by a sale, either voluntary or forced, of the stock of goods. After that he would have a right to an account from Rushing.

It follows that Ragsdale and Baggess received nothing that was the property of Peoples, or upon which he had any lien. The judgment against them is therefore reversed, and a decree will be entered here dismissing the bill as to them.

The judgment against Rushing is affirmed.